OPINION
In this accelerated calendar case, appellant, Carol J. Brock, appeals the judgment of the Willoughby Municipal Court wherein the trial court adopted the decision of the magistrate granting judgment in favor of appellee, Kerry Kaplowitz, in the amount of $1,455. As a preliminary matter, this court notes that appellee has failed to file an appellate brief with this court in this matter.
The following facts are relevant to this appeal. On July 28, 2000, appellee filed a small claims complaint alleging that appellant had improperly stopped payment on a check after purchasing a jet ski from appellee.
On August 28, 2000, a hearing was held before a magistrate on this matter.[1] The following day, the magistrate issued his decision granting judgment in favor of appellee in the amount of $1,455. In pertinent part, the magistrate found that: (1) appellant had the opportunity to inspect the jet ski prior to the title exchange but failed to do so; and (2) while appellant claimed that the jet ski was not working properly, she "failed to provide suitable evidence" to support this allegation.
Although the trial court immediately adopted the magistrate's decision, appellee timely filed objections to the magistrate's decision on September 12, 2000. Upon reviewing the objections, the trial court referred this matter to the magistrate for expert testimony regarding the condition of the jet ski at the time of sale. As a result, an October 31, 2000 hearing was set for the purpose of having appellant present expert testimony in support of her objections. However, no experts appeared and no additional testimony was taken at this hearing.
In light of this, the trial court denied appellant's objections because no additional evidence was offered. This decision is reflected in a judgment entry dated November 2, 2000. From these judgments appellant appeals, presenting two assignments of error for our consideration:
 "[1.] The trial court erred in finding in favor of the Plaintiff[.]
 "[2.] The trial court erred in requiring the Defendant to present expert testimony at a small claims hearing[.]"[2]
 Because appellant's second assignment of error is dispositive, we will consider it first. Under this assignment of error, appellant seems to suggest that the magistrate did not consider the evidence submitted at the hearing.
At the August 28, 2000 hearing before the magistrate, appellant introduced three exhibits into evidence. Exhibit A was a letter from Melody Sparon, manager of the Borac's Landing Boat Ramp, indicating that she noticed the jet ski was "very low in the water[,]" "was sinking" and "[t]aking on more water than I had ever see[n] a [jet] ski do." Exhibit B, a customer work order form from the Wizard Marine Service, described the following problems with the jet ski:
 "*** Exhaust hose has [a] hole in it. Battery is leaking acid in engine compartment. At this point the ski must have repairs to go any further.
 "*** Upon inspection we found the ski to be sinking into the water and has a lean to the right No stabilizers. This can not as we found out be repaired. ***"
 The remaining exhibits were two photographs of the jet ski in the water. These photographs illustrated that the jet ski was, in fact, leaning to the right and taking on water.
Having summarized the evidentiary material presented at the hearing, we now must determine whether the magistrate considered these exhibits. A review of the transcript reveals that the following exchange took place between appellant's counsel and the magistrate:
 "Magistrate Murphy: Do you have any service people here today?
 "Mr. Jon Evans [appellant's counsel]: No. But you'll see a copy from Wizard Marine Service. [referring to exhibit B]
"***
 "Magistrate Murphy: We'll need their [testimony] right?
 "Mr. Jon Evans: I wasn't aware that that would be necessary in small claims. I do have their service report that was written down.
"***
 "Mr. Jon Evans: Both of them recommended that it not be taken out. And they indicate various repairs that are needed.
 "Magistrate Murphy: Well, you know, I need evidence that something is wrong with it if you want to show something else.
 "Ms. Brock [appellant]: The pictures are all the evidence that we can give you, and I think they're very good proof.
 "Mr. Jon Evans: We still have it [the jet ski]. We can put it in the water.
"Ms. Brock: Put it in the water. It won't float.
 "Mr. Jon Evans: One thing I would like to add is the mechanic said to me that these jet skis are so light, they weigh under 300 pounds. Two people could easily lift it up. If you put it in the water, off balance even a little bit, you will just keep flipping and will not be able to ride it.
 "That's what he told me. And we didn't even say anything about any problems with the jet ski yet.
 "Magistrate Murphy: I can't consider what he tells you.
 "Ms. Brock: That's why we came in with written letters. [referring to exhibits A and B] ***" (Emphasis added.)
 It is evident from the above emphasized portions that the magistrate apparently disregarded the evidentiary material presented by appellant, presumably on the basis of hearsay and the failure of appellant to produce live expert testimony from service people. However, Evid.R. 101(C)(8) specifically excludes small claims proceedings from the Ohio Rules of Evidence. See, e.g., Turner v. Sinha (1989), 65 Ohio App.3d 30, 33-34 (holding that the trial court did not err in allowing the admission of hearsay evidence as to what other veterinarians said). See, also, French v. Weldy (Nov. 18, 1994), Ashtabula App. No. 93-A-1792, unreported, 1994 WL 660577, at 3. This is because "`[a] small claims division is intended as a layman's forum.'" French at 3, quoting 1980 Staff Notes to Evid.R. 101(C)(8).[3] But, see, Marquard v. Meadows
(Dec. 16, 1999), Cuyahoga App. No. 75243, unreported, 1999 WL 1204855, at 9 (Corrigan, J., dissenting, on the basis that the "layman's forum" rationale for discarding the rules of evidence was inapplicable when the parties were both represented by counsel in small claims court proceeding).
In accordance with the foregoing, appellant was not required per se to produce live expert testimony. Rather, appellant's "evidence" needed to be evaluated on the basis of its degree of reliability. Here, appellant appropriately attempted to support her position by introducing a work order form from a jet ski service facility, a letter from a person who observed the jet ski sinking and taking on water, and her own testimony as to what a mechanic said about jet skis.
Essentially, the magistrate "imposed a requirement of a higher degree of evidence than is necessary in a small claims case." Turpening Elec.,Inc. v. Jones (Feb 21, 1997), Lucas App. No. L-96-175, unreported, 1997 WL 77845, at 2. From this, we hold that the magistrate abused his discretion in disregarding, essentially as a matter of law, the evidence presented by appellant at the hearing. As such, the trial court erred in adopting the decision of the magistrate. The magistrate can consider appropriate hearsay and otherwise inadmissible documentary evidence and testimony on the basis of its apparent reliability.
Based on the foregoing analysis, appellant's second assignment of error is meritorious. Consequently, the first assignment of error has been rendered moot by our disposition of appellant's second assignment of error. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.
PRESIDING JUDGE JUDITH A. CHRISTLEY, NADER, J., GRENDELL, J., concur.
[1] Appellee proceeded pro se while appellant was represented by counsel.
[2] As an aside, we note that the arguments advanced under the first and second assignments of error were raised at the trial court level through appellant's objections to the magistrate's decision.
[3] The 1980 Staff Notes to Evid.R. 101(C)(8), in their entirety, are illuminating as to what role the rules of evidence play in a small claims proceeding:
 "The subsection excludes small claims proceedings from the rules of evidence although such proceedings are ordinarily adversary in nature. The Evidence Rules Advisory Committee did recognize that R.C. Ch. 1925, governing small claims divisions, does not actually by statute exclude proceedings from the formal rules of evidence although the Chapter does provide for `conciliation procedures' (R.C. 1925.03), and on many occasions referees as `a practical matter' ignore rules of evidence in order to resolve a dispute. Referees obviously require some reliable evidence to prove a claim, but a referee, exercising some discretion, should not deny a layman justice through a formalistic application of the law of evidence. A small claims division is intended as a layman's forum."